UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ELAINE GRISSOM, et al.,**

    **Plaintiff,**

    v.                         Case No. 2:20-CV-2028
                                  JUDGE EDMUND A. SARGUS, JR.
                                  Magistrate Judge Elizabeth A. Preston Deavers

**ANTERO RESOURCES
CORPORATION,**

    **Defendant.**

## OPINION AND ORDER

This matter arises on Plaintiff's ("Grissom") Motion to Approve Notice Plan (ECF No. 63). For the reasons stated herein, the Court **GRANTS** Plaintiff's Motion to Approve Notice Plan.

**I.**     **Procedural Background**

Plaintiff brought a Complaint with Jury Demand against Antero Resources Corporation ("Antero") on April 22, 2020, alleging violations of "uniform oil-and-gas leases by" the Defendant (ECF No. 1, Page 1). Plaintiff claimed that Antero underpaid "royalties owed to Plaintiffs in connection with Defendant's receipt of gross proceeds from the sale of marketable natural gas liquids ("NGLs"). (*Id*. Page 1). Seeking to certify a class of landowners in "Ohio's Utica Shale Formation" "with mineral interests who signed leases with Antero," Plaintiff filed a Motion for Class Certification on November 22, 2021. (ECF No. 46, Page 3). The Court granted Grissom's Motion on August 6, 2022. (ECF No. 59).

Plaintiff filed the instant Motion to Approve Notice Plan on September 28, 2022 (ECF No. 63). Plaintiff included a proposed Notice Plan in her filing. (*Id.*, Exhibit A). Defendant responded to the motion on October 5, 2022. (ECF No. 66). They too proposed a notice plan. (*Id.*, Exhibit A). On October 10, 2022, Plaintiff filed her reply and included a final proposed notice plan. (ECF No. 67, Exhibit A).

**II.    Standard**

Rule 23(c)(2)(B) sets class action notice plan requirements. "The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." USCS Fed Rules Civ Proc R 23.

**III.    Analysis**

The parties have met and "agreed on the majority of the information to be included in the class notice." (ECF No. 66, Page 1). However, the parties disagree over two points. First, whether the notice should include language informing class members of Defendant's "declaratory-judgment counterclaim against Plaintiffs" (ECF No. 67, Page 1) (*see also* ECF No. 66, Page 6). And, second, the propriety of Defendant and Plaintiff's dueling paragraphs "concerning the ability of included class members to pursue other claims against Antero regarding their royalties." (ECF No, 67, Page 2) (*see also* ECF No. 66, Page 3).

### A. Declaratory Judgment Counterclaim

Antero argues that Rule 23(c)(2)(B) requires the inclusion of language regarding "Antero's declaratory judgment Counterclaim" in the notice to class members. (ECF No. 66, Page 1). The specific supplemental language Antero proposes is as follows:

> "Antero has filed a counterclaim against The Grissoms LLC in which it seeks a declaratory judgment that it is entitled to deduct costs incurred beyond the leasehold that enhance the value of the marketable gas stream. If Antero prevails, it intends to deduct on a going-forward basis all of its costs beyond the wellhead that enhance the value of the marketable gas produced from the leaseholds, including not only processing and transportation, but also gathering, compression, dehydration, and fuel."

(ECF No. 66, Page 6).

Rule 23(c)(2)(B) requires an inclusion of any information a reasonable person would consider "to be material in making an informed, intelligent decision of whether to opt out or remain a member of the class and be bound by a final judgment." *Bremiller v. Cleveland Psychiatric Inst.*, 898 F. Supp. 572, 581 (N.D. Ohio 1995) (*quoting In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1105 (5th Cir. 1977)). Antero contends that its proposed language is material, and therefore necessary. Defendant states that "this information is plainly material to a putative class member's decision to participate in this litigation," as "a judgment in favor of Antero would create persuasive (and potentially issue-preclusive) precedent interpreting the plain meaning of the Grissom Lease—which contains the same language as the leases of putative class members. (*Id*. Page 5-6). Further, Defendant points to the close linkage between the counterclaim and its defenses, "such that both Plaintiffs' affirmative claim and Antero's counterclaim will be litigated simultaneously," as justification for the inclusion of the information. (*Id.* Page 2). Defendant's arguments are not well taken.

First as Plaintiff points out, Antero's counterclaim is directed "against *only the named Plaintiffs*" and seeks "declaratory relief exclusively as to the Grissom Lease." (ECF No 67, Page 2). No class member, other than Grissom, would be bound by a verdict on the declaratory relief. As such, the counterclaim is not directly relevant to any class member other than Grissom.

Defendant further states that a verdict in favor of Antero on its counterclaim will create "potentially issue-preclusive" "precedent" as to the unnamed class members. (ECF 66, Page 5). Plaintiff responds that "Antero does not seriously attempt to argue that the Court's disposition of the counterclaim would be binding upon other class members." (Reply at 2–3).   This Court agrees.  Defendant presents no support for its speculation that preclusion doctrine would or could apply in this context.

For the foregoing reason, the Court **accepts** Plaintiff's alternative language.

### B.  Right of Class Members to Bring another Lawsuit

Plaintiff and Defendant disagree over how to inform class members of the effect of a judgement.  Antero argues that Rule 23(c)(2)(B) requires the inclusion of broad language regarding the "binding effect of a class judgment." (ECF 66, Page 4).  The specific language Antero proposes is as follows:

> "If you do nothing, you will remain a part of the Class. If the lawsuit results in a settlement or judgment in favor of the Class, your share of that settlement or judgment will be your complete recovery. If the lawsuit results in a judgment in favor of Antero, you will be bound by the judgment. In all events, you will give up your rights to bring an individual lawsuit against Antero related to the payment of natural gas and NGL royalties if you stay in the Class. This includes all claims related to the same core facts as those alleged in the class action complaint, including those claims that have been brought or could have been brought related to those allegations.

(*Id*., Exhibit A)

4

This language is similar to, but more expansive than the language Plaintiff proposes. That language is as follows:

> "If you do nothing, you will remain a part of the Class. If the lawsuit results in a settlement or judgment in favor of the Class, your share of that settlement or judgment will be your complete recovery for the claims asserted. If the lawsuit results in a judgment in favor of Antero, you will be bound by the judgment. In all events, you will give up your rights to bring an individual lawsuit against Antero for the same claims if you stay in the Class."

(ECF 67, Exhibit A).

While both notices are similar, they do have key differences. Defendant's notice is overbroad in that a class member will not necessarily give up their "rights to bring an individual lawsuit against Antero related to the payment of natural gas and NGL royalties" if they stay in the class. Rather, they will give up only their right to bring a claim arising out of the same operative facts, that has or should have been brought. As Plaintiff points out, Defendant's notice suggests that class members who refrain from opting out "will surrender their rights to bring claims that are unrelated to this case, including future disputes." (ECF 67, Page 4). This is not accurate and could potentially mislead class members.

Another key difference is clarity. As mentioned above, Rule 23 requires notice to be "clearly and concisely state in plain, easily understood language." Fed. R. Civ. P. 23. Plaintiff's paragraph avoids confusing terms of art and complex grammar, yet the proposed language accurately conveys the legal implications of a class member's decision to not opt out.

For the foregoing reason, the Court **accepts** Plaintiff's proposed language regarding the right of class members to bring another lawsuit.

**IV.     Conclusion**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Approve Notice Plan. (ECF No. 63).  **IT IS SO ORDERED.**


**10/31/2022**                                                                            **s/Edmund A. Sargus, Jr.**
**DATE**                                                                                          **EDMUND A. SARGUS, JR.**
                                                                                                          **UNITED STATES DISTRICT JUDGE**