UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**THE GRISSOMS, LLC,**

    **Plaintiff,**

    v.                                Case No. 2:20-CV-2028
                                        JUDGE EDMUND A. SARGUS, JR.
                                        Magistrate Judge Elizabeth A. Preston Deavers

**ANTERO RESOURCES
CORPORATION,**

    **Defendant.**

**OPINION AND ORDER**

This matter arises on Plaintiff's Motion in Limine Nos. 1 and 2, with Integrated Memorandum in Support. (ECF No. 114.) Also considered is additional briefing regarding the FL&U issue. (ECF Nos. 126, 129.) For the reasons stated herein, Plaintiff's Motion in Limine is **DENIED** to the extent that it requests the Court to exclude evidence that "FL&U" is a permissible in-kind post-production deduction under the Class Leases. The Court finds that Antero need not pay royalties on FL&U gas.

    **I.**     **Background**

On April 22, 2020, Plaintiff (The Grissoms, LLC) brought a Complaint with Jury Demand against Defendant Antero Resources Corporation ("Antero") alleging violations of "uniform oil-and-gas leases by" Defendant (Complaint ECF No. 1, at 1.) Since Plaintiff's filing, the case has progressed through various stages of litigation, and is now set for trial on September 18, 2023. (ECF No. 74.) In anticipation of trial, Plaintiff filed its motions in limine on August 21, 2023. (ECF No. 114.) Defendant filed its Response on August 28, 2023. (ECF No. 119.)

The Court ordered additional briefing on one issue. (ECF No. 122.) The Court ordered this briefing because it was concerned that Plaintiff's motion in limine was actually requesting summary judgment on the issue of "whether FL&U is a post-production in-kind cost that is incurred before the point of marketability and, therefore, not a permissible deduction from Class Members' royalty payments." (*Id*., at 2.) Plaintiff filed its supplemental brief on September 8, 2023. (Plaintiff's Supplemental Briefing, ECF No. 126.) Defendant filed its brief on September 11, 2023. (Defendant's Supplemental Briefing, ECF No. 129.) With these submissions, Plaintiff's motion is now fully briefed and ready for a decision.

## II. Fl&U

Plaintiff argues that the Court should exclude evidence that "fuel, lost and unaccounted for gas ("FL&U") is a permissible in-kind post-production deduction under the Class Leases" because it is a "question of law that once resolved may eliminate the issues of fact that still need resolved in this case." (ECF No. 114, at 1–2.) Plaintiff defines FL&U gas as "natural gas used as fuel in connection with the production, compression, gathering, processing, and transportation of the gas, as well as any gas that is lost and unaccounted for due to evaporation, inaccurate metering, or other losses." (*Id*., at 1.) Defendant responds by challenging both the procedure and substance of Plaintiff's request. Defendant argues that Plaintiff's request is procedurally improper because it essentially asks the Court to give Plaintiff summary judgment on the matter FL&U deductions. (ECF No. 119, at 1–2.) Defendant also contends that Plaintiff's request has no merit, as FL&U is a permissible in-kind post-production deduction. (*Id*., at 1.)

While the Court is not entirely convinced that Plaintiff's should have made its request at the summary judgment stage, out of an abundance of caution, the Court ordered additional procedural protection. This took the form of supplemental briefing on the issue of "whether

2

FL&U is a post-production in-kind cost that is incurred before the point of marketability and, therefore, not a permissible deduction from Class Members' royalty payments." (ECF No. 122, at 2.) The briefing has been completed, so the Court will now address the substance of the parties' dispute.

Plaintiff's first argument for why FL&U is a permissible in-kind post-production deduction under the Class Leases is that "Antero's right to take deductions for post-production costs was previously adjudicated under the Court's summary judgment rulings." (Plaintiff's Supplemental Briefing, ECF No. 126, at 5.) Assuming in the alternative that the Court has not already adjudicated this issue, Plaintiff makes a second argument. It states that "for the Court to determine if FL&U is deductible or not, it must answer in the affirmative two questions: (a) is FL&U a post-production cost, and (b) does Antero incur FL&U costs before the natural gas stream from Class Wells becomes residue gas and NGL purity products?" (*Id.*, at 6.) If the answer to both questions is yes, as Plaintiff contends, Antero may not deduct FL&U from royalty payments to class members. (*Id.*, at 9, 12.) Plaintiff also notes that Defendant's current practice is to not deduct FL&U costs from royalty payments. Defendant responds by focusing on the language of the lease. It argues that because the "Grissom Lease (the "Lease") provides for Antero to pay royalties on gas produced and sold from the leased property," and FL&U gas is not sold, it is deductible from Plaintiff's royalty payments." (Defendant's Supplemental Briefing, ECF No. 129, at 1.) Defendant also argues that the Court did not address this issue on summary judgment. The Court concurs with Defendant.

1. Procedure

First, the Court never decided whether FL&U is a permissible in-kind post-production deduction under the Class Leases in the summary judgment order. The order addressed, in part,

3

Antero's request for "a declaration that going forward it can deduct all post-production costs from the Plaintiff Class's royalty payments." (Summary Judgment Order, ECF No. 99, at 2.) The parties specifically disputed whether PRC2 (processing and fractionation) costs were deductible, not FL&U costs. ("The parties agree that from April 2016 to July 2022, Defendant Antero deducted from the royalty payments the post-production processing and fractionation costs, which it labels as 'PRC2.' The parties disagree as to whether these deductions are in violation of the 2012 Form Lease, specifically the provision referred to as the Market Enhancement Clause.") (*Id*.) The parties did not brief the Court on the topic of FL&U deductions, and the Court did not rule on it. The phrase FL&U was mentioned a single time during the summary judgment briefing, in a footnote speaking to differences between expert reports. (Plaintiff's Motion for Partial Summary Judgment, ECF No. 84, at 9.) Additionally, as the Court makes clear below, the FL&U costs are not a post-production cost as contemplated by the lease agreement.

Further, the Court rejects Plaintiff's related contention that Defendant has waived any argument regarding FL&U costs by not moving for summary judgment on it. (Plaintiff's Supplemental Briefing, ECF No. 126, at 5.) While Plaintiff is correct that Defendant could have argued that FL&U costs are deductible at an earlier stage of litigation, Plaintiff's argument is a double-edged sword. It too could have requested summary judgment on this point. Further, the Court ordered additional briefing on this issue. (Order for Supplemental Briefing, ECF No. 122.) Even assuming that the one party or the other should have addressed this issue on summary judgment, the parties now agree that they been given sufficient procedural protection for the Court to address the issue without injustice to either party.

## 2. Substance

Getting to the substance of the issue, the Court disagrees with Plaintiff's contention that FL&U costs are contemplated by the lease agreement. The royalty section of the agreement states that Antero will pay class members royalties "produced from or on the Leasehold Estate and *sold* by Lessee in an arms' length transaction." (Grissom Lease, ECF No. 85, Exhibit 1, at 3.) (emphasis added). FL&U gas is produced, but never sold. As such, the royalty section does not contemplate class members receiving royalties for FL&U gas. And while the Market Enhancement clause does state that "all royalties or other proceeds accruing to the Lessor under this lease or by state law shall be without deduction directly or indirectly," that language is not in conflict with the rest of the contract. Interpreted in conjunction with the royalty section, the MEC does not require Antero to pay class members royalties for gas that is never sold. As such, class members are not entitled to royalties from FL&U gas and Antero may deduct the costs of FL&U gas from its payments to class members.

Relatedly, the Court reject's Plaintiff's argument that FL&U is a post-production cost. As support, Plaintiff cites primarily to *Piney Woods Country Life Sch. v. Shell Oil Co*., 905 F.2d 840 (5th Cir. 1990). There, the court held that "[l]ogic and equity dictate that all of the plant fuel value is a processing cost; none of this fuel survives to be marketed by any of the working interest owners; by definition, it is all used to facilitate the production of the gas that is sold." *Id*., at 857. The court went on to state that "plant fuel is certainly an expense; the fuel to operate the plant is valuable gas that, but for its use in operating the plant, would be sold along with the rest of the gas produced." *Id.* However, Piney Woods is distinguishable from this case. Unlike the leases at issue here, "[a]ll of the leases provided that, should Shell use natural gas produced from the wells on the royalty owners' land, it would pay royalty on any gas so used based upon

the market value of the gas." *Id*., at 843-44. As such, it appears that the Court based its decision on a section of the lease agreement that the Class leases do not have. Further, "other courts considering this question agree that royalties need not be paid on unsold gas." *W.W. McDonald Land Co. v. EQT Prod. Co*., 983 F. Supp. 2d 790, 802 (S.D. W. Va. 2013) (citing *Amoco Prod. Co. v. Andrus*, 527 F. Supp. 790, 794 (E.D. La. 1981); *Marathon Oil Co. v. Andrus*, 452 F. Supp. 548, 553 (D. Wyo. 1978); *Dynegy Midstream Servs., Ltd. P'ship v. Apache Corp*., 294 S.W.3d 164, 168-69 (Tex. 2009)). This agreement includes a judge in this district, the Honorable Algenon Marbley, who interpreted a similar lease agreement to the Class lease at issue here, and found that "oil and gas must be sold for Plaintiffs to receive royalties." *Tera II, LLC v. Rice Drilling D, LLC*, WL 4236670, at *25 (S.D. Ohio June 28, 2023).

The Court also finds that Antero's previous decision to not deduct FL&U costs from class members' royalty payments does nothing to prevent it from doing so in the future or arguing that it is permitted by the lease. When interpreting an unambiguous lease, courts may look only within the four corners of the document. ("If the lease language is unambiguous, then courts should interpret the lease so as to carry out the intent of the parties, as that intent is evidenced by the contractual language." *Zehentbauer Fam. Land, LP v. Chesapeake Expl., L.L.C*., 935 F.3d 496, 505 (6th Cir. 2019). Here, Plaintiff does not allege that the lease is ambiguous. As such, Antero's business practices are irrelevant to the inquiry the Court has undertaken.

Finally, the Court's interpretation of the lease agreement is supported by Plaintiff's own Complaint. At the time Plaintiff filed its Complaint, Plaintiff appeared to interpret the lease to only require the payment of royalties for the gas that Antero actually sold. Plaintiff stated, "the Form 2012 Gas Clause requires Antero to pay to lessors NGL royalties based on the 'gross proceeds' that Antero *receives* for NGLs." (Complaint, ECF No. 1, at 9.) (Emphasis added).

6

The Court holds that FL&U is not a post-production cost, rather it is a permissible deduction. Plaintiff's Motion in Limine No. 1 is **DENIED**.

I. Conclusion

For the reasons stated herein, Plaintiff's Motion in Limine as to the issue of Fl&U is **DENIED** to the extent that it requests the Court to exclude evidence that "FL&U" is a permissible in-kind post-production deduction under the Class Leases. The Court finds that Antero need not pay royalties on FL&U gas. (ECF No. 114.)

**IT IS SO ORDERED.**

<u>9/14/2023</u>　　　　　　　　　　　　　　　　　　　　<u>s/Edmund A. Sargus, Jr.　　　</u>
**DATE**　　　　　　　　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**