UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**THE GRISSOMS, LLC,**

    **Plaintiff,**

  v.                        Case No. 2:20-cv-2028
                              JUDGE EDMUND A. SARGUS, JR.
                              Magistrate Judge Elizabeth P. Deavers

**ANTERO RESOURCES
CORPORATION,**

    **Defendant.**

**OPINION AND ORDER**

This matter is before the Court on Plaintiff The Grissoms, LLC's ("Grissons") Motion for Prejudgment Interest. (Mot., ECF No. 143.) Grissoms on behalf of itself and the members of the certified class ("Plaintiffs") moves the Court for an award of prejudgment interest in the amount of $1,901,302.26. (*Id.*) Defendant Antero Resources Corporation responded in opposition (ECF No. 144), and Grissoms replied in support of its Motion (ECF No. 145). For the reasons stated below, the Court **DENIES** the Motion for Prejudgment Interest.

    **I.**      **BACKGROUND**[1]

This case involves a contract dispute related to oil and gas royalties. Grissoms sued Antero on behalf of itself and a putative class to obtain money damages for the underpayment of royalties. (Compl., ECF No. 1.) This Court certified a class comprised of persons who executed leases with Antero for mineral interests underlying horizontal wells in the Seneca common

---

[1] For a more complete factual background, the reader is directed to the Court's Opinion and Order on Summary Judgment. (ECF No. 99.)

1

production system. (ECF No. 59.) After engaging in discovery, both Plaintiffs and Antero moved for summary judgment. (ECF Nos. 85, 88.)

The Court granted Plaintiffs' motion for partial summary judgment, denied Antero's motion, and found that Antero had breached Plaintiffs' leases by taking deductions from royalty payments for post-production costs related to processing and fractionation. (ECF No. 99, PageID 3270–71.) The Court noted that the issue of damages remained unresolved and set a trial date. (*Id.*)

Rather than proceed to trial, the parties agreed that Antero owed the class $10,000,000 as the principal amount of damages. (ECF No. 140, PageID 3706.) But the parties stipulated that "[t]he amount of prejudgment interest owed on the principal amount of damages, if any, remains in dispute and will be the subject of further briefing by the Parties prior to the entry of final judgment." (*Id.* at PageID 3706, ¶ 2.) The parties have since briefed the prejudgment interest issue (ECF Nos. 143–45), and the issue is ripe for the Court's review.

## II.     LEGAL STANDARD

In diversity cases within the Sixth Circuit, federal law controls post-judgment interest, while state law governs awards of prejudgment interest. *Est. of Riddle ex rel. Riddle v. S. Farm Bureau Life Ins. Co.*, 421 F.3d 400, 409 (6th Cir. 2005) (citations omitted). Under Ohio law, a prevailing party is entitled to receive prejudgment interest for a breach of contract claim. *E.g.*, *Jackson v. Reliance Constr. Servs., LLC*, No. 1:20-cv-799, 2023 U.S. Dist. LEXIS 134799, at *13 (S.D. Ohio Aug. 2, 2023) (McFarland, J.) (citing Ohio Rev. Code § 1343.03(A)). The purpose of an award of prejudgment interest is to compensate plaintiff "for the period of time between the accrual of the claim and judgment," but prejudgment interest is not intended to be punitive. *Desai v. Geico Cas. Co.*, 574 F. Supp. 3d 507, 521 (N.D. Ohio 2021) (citation omitted);

*Royal Elec. Constr. Corp. v. Ohio State Univ.*, 73 Ohio St. 3d 110, 117, 1995-Ohio-131, 652 N.E.2d 687 (Ohio 1995).

Specifically, § 1343.03 of the Ohio Revised Code provides:

> [W]hen money becomes due and payable upon any . . . instrument of writing, . . . and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction . . . the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code[.]

Ohio Rev. Code § 1343.03(A). Once a plaintiff obtains a favorable judgment, that plaintiff has a right to an interest award as a matter of law. *Lincoln Elec. Co. v. St. Paul Fire & Marine Ins. Co.*, 210 F.3d 672, 693 (6th Cir. 2000) ("If a favorable judgment award has been obtained by plaintiff, plaintiff has a right under R.C. 1343.03(A) to an interest award as a matter of law, and the trial judge has no discretion not to grant any interest award.").

But a party can contractually waive "all personal rights and privileges, whether secured by contract, conferred by statute, or guaranteed by the Constitution, provided that the waiver does not violate public policy." *Sanitary Com. Servs., Inc. v. Shank*, 57 Ohio St. 3d 178, 180, 566 N.E.2d 1215 (Ohio 1991). "The Ohio Supreme Court defines 'waiver' as 'a voluntary relinquishment of a known right . . . , whether contractual, statutory, or constitutional.'" *Frohn v. Globe Life & Accident Ins. Co.*, No. 23-3530, 2024 U.S. App. LEXIS 10300, at *14 (6th Cir. Apr. 29, 2024) (citing *Glidden Co. v. Lumbermens Mut. Cas. Co*., 112 Ohio St. 3d 470, 479, 2006-Ohio-6553, 861 N.E.2d 109 (Ohio 2006)). To be a valid waiver, the aggrieved party must know of the right it is waiving, intend to waive that right, and give and receive sufficient consideration for waiving that right. *Shank*, 566 N.E.2d at 1218.

The freedom to contract includes the right to contractually waive such rights, and Ohio law recognizes a strong public policy preserving the freedom to contract. *Wildcat Drilling, LLC*

3

*v. Discovery Oil & Gas, LLC*, 164 Ohio St. 3d 480, 2020-Ohio-6821, 173 N.E.3d 1156, 1161 (Ohio 2020) ("We have recognized that parties 'have a fundamental right to contract freely with the expectation that the terms of the contract will be enforced.'") (internal quotations omitted).

### III. ANALYSIS

The question before the Court is whether Plaintiffs contractually waived their statutory right to recover prejudgment interest for Antero's breach of contract. Plaintiffs prevailed on summary judgment when this Court found that Antero breached Plaintiffs' leases by impermissibly taking deductions from royalty payments for post-production costs related to processing and fractionation. (ECF No. 99, PageID 3270–71.) Thus, normally an award of prejudgment interest for Antero's breach of contract would be mandatory. *See* Ohio Rev. Code § 1343.03(A); *Royal Elec.*, 652 N.E.2d at 69 (explaining that an award of prejudgment interest on a breach of contract claim is not discretionary); *Lincoln Elec. Co.*, 210 F.3d at 693 (same).

But at the same time, Ohio law recognizes a strong public policy of preserving the freedom to contract—including the freedom to contractually waive the statutory and common law right to prejudgment interest. *See Wildcat Drilling*, 173 N.E.3d at 1161 (describing policy favoring freedom to contract); *see also GLF Constr. Corp. v. Dallas Area RTA*, No. 3:10-CV-2197-P, 2012 U.S. Dist. LEXIS 192980, at *21 (N.D. Tex. Sep. 7, 2012) (holding that plaintiffs contractually waived the statutory right to collect prejudgment interest under Texas law).

### A. Plaintiffs waived the right to recover prejudgment interest under Paragraph 10(D) of the Lease.

Antero argues that the express words of the Lease show a clear intention of Plaintiffs to waive their right to recover prejudgment interest. (ECF No. 144, PageID 3723–25.) Antero points to Paragraph 10(D), that states:

4

> Royalties not paid when due shall bear interest at the prime rate, plus five percent (5%) per annum. Lessor[2] may withhold royalties **without obligation to pay interest** in the event of a bona fide dispute or a good faith question of royalty entitlement (either as to ownership or as to amount).

(ECF No. 85-1 at PageID 2341, ¶ 10(D) (**emphasis** added).)

The language used in Paragraph 10(D) is plain and thus the Court applies it as written. *See e.g.*, *Samms v. Quanex Corp.*, No. 95-2173, 1996 U.S. App. LEXIS 27356, at *6 (6th Cir. Oct. 17, 1996) ("A basic rule of contract interpretation is to strive to give effect to the intent of the parties. The plain language of the contract is controlling on that point."). Under Paragraph 10(D) when there is a bona fide dispute or good faith question about either the ownership or amount of royalties owed to Plaintiffs, Antero may withhold royalty payments without an obligation to pay interest.

Here, a good faith question or bona fide dispute existed regarding Antero's royalty payment methodology and the amount of royalties Plaintiffs were owed. (*See* ECF No. 99.) The parties extensively litigated whether Antero permissibly deducted from Plaintiffs' royalty payments the costs of processing and fractionation, or whether such deductions were a breach of Plaintiffs' leases. (*Id.* at PageID 3259.) Plaintiffs do not argue that their challenge to Antero's royalty payment methodology was not a bona fide dispute or good faith question of royalty entitlement. (*See* ECF No. 143, 145.) Thus, a plain reading of Paragraph 10(D) would support Antero's position that it need not pay interest given the good faith question as to the amount of royalties owed to Plaintiffs.

Plaintiffs do not argue that Paragraph 10(D) was signed without knowledge or involuntarily, so the Court presumes Plaintiffs understood their rights and the meaning of

---

[2] The Court assumes that "Lessor" included in the second sentence of Paragraph 10(D) was a typographical error and was intended to reflect "Lessee" (i.e., Antero). Although neither party raises this issue, this interpretation is consistent with the arguments of both parties.

5

Paragraph 10(D) when they signed the Lease, and consequently knowingly and voluntarily relinquished their right to prejudgment interest. *See Frohn*, 2024 U.S. App. LEXIS 10300, at *15 (quoting *Preferred Cap., Inc. v. Power Eng'g Grp., Inc.*, 112 Ohio St. 3d 429, 2007-Ohio-257, 860 N.E.2d 741, 745 (Ohio 2007) ("Parties to contracts are presumed to have read and understood [the contracts]" and "a signatory is bound by a contract that he or she willingly signed.")).

### B. Both parties failed to follow the remedial measures for delinquent payments of royalties under Paragraph 10(E) of the Lease.

That said, Paragraph 10(D) must be read with neighboring provisions of the Lease, including Paragraph 10(E). *See, e.g.*, *Wells Fargo Bank, N.A. v. Allstate Ins. Co.*, 784 F. App'x 401, 405 (6th Cir. 2019) (citing *Gomolka v. State Auto. Mut. Ins. Co.*, 70 Ohio St. 2d 166, 436 N.E.2d 1347, 1351 (Ohio 1982) (explaining that contracts should be interpreted based on the instrument as a whole, not isolated portions thereof).

Paragraph 10(E) governs the procedures for when royalty payments are not made on time, and provides:

> If royalty is not paid by the date due, Lessor may give Lessee written notice of nonpayment of royalty, by certified mail, return receipt requested, and if Lessor's royalty is not paid on or before the expiration of forty-five (45) days from Lessee's receipt of such notice, interest shall commence accruing on the due date and be payable by Lessee to Lessor on the delinquent balance at the rate of five percent (5%) per annum above prime interest rate. However, **Lessee may avoid any interest obligation if** prior to the expiration of such forty-five (45) days Lessor is furnished an attorney's written opinion citing a bona fide dispute or a good faith question of royalty entitlement (either as to ownership or as to amount), Lessee pays to Lessor the undisputed portion of [the royalty, and] Lessee pays the disputed royalty to an escrow account to be administered by a trustee agreed to by both parties or by the American Arbitration Association if such trustee cannot be found.

(ECF No. 85-1, PageID 2341, ¶ 10(E) (**emphasis** added)).

6

Paragraphs 10(D) and 10(E) are two sides of the same coin. Paragraph 10(D) dictates when royalties must be paid, and 10(E) explains what happens when royalties are not paid. Both paragraphs reference the payment of interest and the presence of a bona fide dispute or good faith question of royalty entitlement. The Court accordingly construes both Paragraphs together. *See Wells Fargo Bank*, 784 F. App'x at 405 (citing *Sunoco, Inc. (R&M) v. Toledo Edison Co.*, 129 Ohio St. 3d 397, 2011-Ohio-2720, 953 N.E.2d 28, 293 (Ohio 2011) (describing how under the doctrine of noscitur a sociis the meaning of words or phrases in a contract can be derived from the meaning of accompanying words or phrases)).

The first sentence of Paragraph 10(E) explains that interest starts to accrue if Antero fails to pay royalties on time, Plaintiffs provide Antero with written notice of nonpayment, and Antero fails to remedy the nonpayment within the 45-day opportunity to cure. (*See* ECF No. 85-1, ¶ 10(E).) To avoid accruing interest after receiving such notice, Antero then must provide Plaintiffs with an attorney's written explanation of the bona fide dispute or good faith question about royalty entitlement, pay Plaintiffs the undisputed portion of the royalties, and place the disputed portion of the royalties into an escrow account. (*Id.*)

Both parties agree that the procedures in Paragraph 10(E) did not occur. But Antero argues it was not required to follow such procedures for two reasons. First, according to Antero, Paragraph 10(E) is a voluntary remedial measure. (ECF No. 144, PageID 3726–27.) Antero points to the word "may" to support its interpretation that this provision is permissive, not mandatory. (*Id.*) Second, Antero submits that the first sentence in Paragraph 10(E), requiring Plaintiffs to give written notice of nonpayment, is a condition precedent required to trigger Antero's obligations in the second sentence. (ECF No. 144, PageID 3727.) Since Plaintiffs never provided such written notice, Plaintiffs never satisfied the condition precedent, and Antero's

7

failure to provide an attorney's written explanation of the dispute was excused. (*Id.*, citing *Transtar Elec., Inc. v. A.E.M. Elec. Servs. Corp.*, 140 Ohio St. 3d 193, 2014-Ohio-3095, 16 N.E.3d 645, 650 (Ohio 2014).)

      Although a close call, the Court finds that the procedures outlined in Paragraph 10(E) were required when Antero failed to payment royalties on time. Even though the Lease uses permissive language such as "may," the Court finds that when read together, Paragraphs 10(D) and (E) are intended to be more than a voluntary or permissive remedial measure. *See Davis v. Geico Cas. Co.*, No. 2:19-cv-2477, 2020 U.S. Dist. LEXIS 2071, at *8 (S.D. Ohio Jan. 7, 2020) (Smith, J.) (explaining that permissive language can be construed as mandatory where the context shows the parties intended for the provision to be more than a voluntary remedial measure). The procedures in Paragraph 10(D) and (E) are voluntary to the extent that Antero may chose *not* to avoid accruing interest. But if Antero wishes to avoid paying interest, then Paragraphs 10(D) and (E) outline the only method of doing so. Thus, to avoid the accrual of interest on a dispute about royalty payments, Antero should have adhered to the procedures in Paragraph 10(E), but it failed to do so.

      At the same time, the Court agrees with Antero that written notice by Plaintiffs was a condition precedent necessary to trigger Antero's obligation to perform under Paragraph 10(E). Because Plaintiffs did not furnish Antero with "written notice of nonpayment of royalty, by certified mail, return receipt requested," Plaintiffs did not invoke Antero's obligations. Thus, interest did not start to accrue on the disputed royalty amounts, and Antero did not need to provide an attorney's written explanation of the dispute, pay Plaintiffs the undisputed amount, or place the disputed amount of royalties in escrow, in order to avoid paying prejudgment interest.

8

In essence, Plaintiffs twice waived their right to prejudgment interest. First, by signing the Lease containing Paragraph 10(D), and second by failing to provide written notice of the nonpayment of royalties. Plaintiffs' failure to give Antero notice and opportunity to dispute the alleged nonpayment was an action inconsistent with an intention to trigger the accrual of prejudgment interest. *See Borror Prop. Mgmt., LLC v. Oro Karric N., LLC*, 979 F.3d 491, 497 (6th Cir. 2020) (internal citations omitted, discussing implicit waiver through actions—or inactions—inconsistent with an intent to exercise a known right).

### C. Plaintiffs' remaining arguments are unpersuasive.

Plaintiffs offer two other arguments, both of which the Court finds unpersuasive. First, Plaintiffs argue that Paragraph 57(B) gives them a right to seek prejudgment interest under the Lease. Paragraph 57(B) provides:

> Upon default by Lessee, Lessor shall be entitled to exercise **any and all remedies available at law,** in equity or otherwise, each such remedy being considered cumulative. No single exercise of any remedy set forth herein shall be deemed an election to forego any other remedy and any failure to pursue a remedy shall not prevent, restrict or otherwise modify its exercise subsequently.

(ECF No. 85-1, PageID 2354, ¶ 57(B) (**emphasis** added).) Plaintiffs point to Paragraph 57(B) to suggest that the Lease expressly gives them the right to prejudgment interest. (Mot., PageID 3718.) Plaintiffs also caution the Court that if it interprets Paragraph 10(D) as a waiver of the right to prejudgment interest, the Court will effectively read Paragraph 57(B) out of the Lease. (*Id.* at PageID 3719, explaining that the Court should give effect to each provision of the Lease.)

The Court is not persuaded by Plaintiffs interpretation of Paragraph 57(B). First, this Paragraph pertains only to "default" which the Lease defines as either:

> i. If any creditor of Lessee and/or assigns shall take any action to execute on, garnish, or attach the assets of the Lessee, or

9

> ii. If a request or a petition for liquidation, reorganization, adjustment of debts, arrangement or similar relief under the bankruptcy, insolvency or similar laws of the United States or any state or territory thereof or any foreign jurisdiction shall be filed by or against Lessee or any formal or informal proceeding for the reorganization, dissolution, or liquidation of settlement of claims against, or winding up of affairs of the Lessee; or the garnishment, attachment, or taking by governmental authority of collateral or other property of Lessee.

(ECF No. 85-1, PageID 2354, ¶ 57(A).) The litigation between Plaintiffs and Antero over Antero's royalty payment methodology does not fit neatly into the definition of "upon default" as defined by the Lease. Thus, this Paragraph does not apply to Plaintiffs' right to seek prejudgment interest. Further, Antero correctly explains that the specific language included in Paragraph 10(D) prevails over the general contractual language in Paragraph 57(B). *More Than Gourmet, Inc. v. Christian Poteir, S.A.*, No. 5:13CV1966, 2014 U.S. Dist. LEXIS 119596, at *11 (N.D. Ohio Aug. 26, 2014) (citing *Aerel, S.R.L. v. PCC Airfoils, LLC*, 447 F.3d 899, 903 (6th Cir. 2006)).

Second, Plaintiffs contend that even if Paragraph 10(D) operates as a waiver, Paragraph 10(D) only allows Antero to avoid paying the "prime" interest rate plus five percent, but Antero cannot avoid paying interest altogether. (Mot., PageID 3719.) The Court disagrees. The language of Paragraph 10(D) that says Antero is "without obligation to pay interest" is plain and broad—it does not say that Antero is without obligation to pay interest *at a particular rate*. Because the language is plain, the Court will apply the language as written. *See Samms*, 1996 U.S. App. LEXIS 27356, at *6 (explaining that the "basic rule of contract interpretation" is to give effect of the parties' intent by enforcing the plain language of the contract).

Accordingly, the Court concludes that Paragraph 10(D) applies and constitutes a contractual waiver of Plaintiffs' right to recover prejudgment interest under Ohio statutory and

common law. Because Plaintiffs waived the right to recover prejudgment interest by signing the Lease, the Motion for Prejudgment Interest must be denied.

### IV. CONCLUSION

For the reasons above, the Court **DENIES** the Motion for Prejudgment Interest. (ECF No. 143.) This case remains closed.

**IT IS SO ORDERED.**

**6/11/2024**          **s/Edmund A. Sargus, Jr.**
**DATE**          **EDMUND A. SARGUS, JR.**
         **UNITED STATES DISTRICT JUDGE**