UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**THE GRISSOMS, LLC,**

    **Plaintiff,**

    v.

**ANTERO RESOURCES CORPORATION,**

    **Defendant.**

**Case No. 2:20-cv-2028**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Elizabeth P. Deavers**

## ORDER

This matter is before the Court on Plaintiff The Grissoms, LLC's Motion to Approve Notice Plan Regarding Plaintiff's Motion for Attorneys' Fees and Costs. (ECF No. 157.) Defendant Antero Resources Corporation does not oppose the Motion. (*Id.*) For the reasons stated below, the Motion is **GRANTED IN PART**. (*Id.*)

### I. BACKGROUND

In 2023, this Court denied Antero's motion for summary judgment and awarded Plaintiff partial summary judgment on its breach of contract claim. (ECF No. 99.) The parties then stipulated to damages of $10 million (ECF No. 139), and the Court entered judgment accordingly (ECF No. 149). Antero appealed (ECF No. 150), and in April 2025, the Sixth Circuit affirmed the judgment of this Court (ECF 152).

Soon after, Plaintiff moved the Court for an award of attorneys' fees, litigation costs, and expenses. (ECF No. 156.) Plaintiff seeks $4,160,000 in attorneys' fees, or 40% of the judgment amount, $219,072.21 in litigation costs, and a $10,000 service award for the named Plaintiff. (*Id.* PageID 3822.) Plaintiff asks the Court for approval of a plan to provide the certified class with notice of the motion for attorneys' fees and costs. (ECF No. 157.)

## II. STANDARD OF REVIEW

District courts may award reasonable attorneys' fees and expenses from the resolution of a class action upon a motion under Rules 54(d)(2) and 23(h) of the Federal Rules of Civil Procedure. Rule 23(h) sets forth the procedures the Court must follow before awarding attorneys' fees or costs. *See* Fed. R. Civ. P. 23(h). A request for attorneys' fees must be made by motion and "[n]otice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner." Fed. R. Civ. P. 23(h)(1). The motion must specify the grounds entitling the movant to the award and stating the amount sought. *Id.*; *see also* Fed. R. Civ. P. 54(d)(2). Class members may object to the motion and the Court "may hold a hearing and must find the facts and state its legal conclusions under Rule 52(a)." Fed. R. Civ. P. 23(h)(2)–(3).

Rule 23(h) does not define what is necessary for notice to be conveyed in a "reasonable manner" or set a time limit for class members to make an objection. When evaluating the reasonableness of notice in the context of class action settlements, the U.S. Supreme Court explained that notice must be "reasonably calculated, under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *UAW v. GMC*, 497 F.3d 615, 629 (6th Cir. 2007) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). Put differently, notice is served in a reasonable manner if it conveys the required information and affords a reasonable time for those interested to make an objection. *See, e.g., Bower v. MetLife, Inc.*, No. 1:09-cv-351, 2012 U.S. Dist. LEXIS 149117, at *15 (S.D. Ohio Oct. 17, 2012) (Beckwith, J.) (explaining notice was proper because it informed the class of "the maximum amount of fees, expenses, and contribution awards that would be sought by Class Counsel" months before the Court conducted a fairness hearing).

III.     ANALYSIS

To provide notice under Rule 23(h), Plaintiff proposes to mail all class members notice informing the class of the Motion for Attorneys' Fees, instructing them how they may receive a copy of the Motion, and providing a 30-day deadline to file any objections. (ECF No. 157, PageID 4077; ECF No. 157-1.) Along with the Motion, Plaintiff attached a copy of the proposed notice to be mailed to the certified class. (ECF No. 157-1.)

The Court finds that with the modifications described below, the language of the notice is directed to the class members in a "reasonable manner" to satisfy Rule 23(h). The notice informs the certified class of the maximum attorneys' fees sought by Class Counsel (40% of the judgment), the expenses sought by Class Counsel ($219,072), and the service award sought for the representative Plaintiff. *See Bower*, 2012 U.S. Dist. LEXIS 149117, at *15. The Court added a sentence to the Notice making the class aware of the service award sought by representative Plaintiff. The Court also extends the 30-day deadline to file an objection to the motion, to 60 days, to ensure that those interested in making an objection have a reasonable amount of time to do so.

The Motion to Approve Notice (ECF No. 157) is **GRANTED IN PART**. The Notice shall read as follows:

LEGAL NOTICE FROM THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

**You are entitled to money from a class action judgment against Antero Resources.**

**The lawyers for the class have asked the Court to award them attorneys' fees as a percentage of the money they won for the class, and for costs.**

**You may object to the request by [Mailing + 60 days].**

*A Court has directed that this notice be mailed to you. You are not being sued or asked to pay money.*

You are a class member entitled to payment from a class action lawsuit. The case is *The Grissoms LLC v. Antero Resources Corp.*, No. 2:20-cv-2028 (S.D. Ohio). The lawsuit was brought to recover additional royalty payments on natural gas liquids (NGLs) originating

> from certain Antero-owned and producing wells in the Ohio Utica Shale formation. You have an interest in one or more of those wells.
>
> The plaintiff has won the case, after a successful appeal. The legal citation for the opinion issued by United States Court of Appeals for the Sixth Circuit is *The Grissoms, LLC v. Antero Res. Corp.*, 133 F.4th 605 (6th Cir. 2025). The judgment amount is $10 million, plus interest of $400,000.
>
> The purpose of this notice is to tell you that the lawyers who brought the lawsuit have requested an award of attorneys' fees and costs, and you have a right to object to the requests. Specifically, the attorneys have asked for a fee of 40% of the amount of the judgment and the interest – a total of $4,160,000. The lawyers have also asked to be reimbursed $219,072 for the expenses they paid to pursue the lawsuit over the last five years. Along with the lawyers, the Representative Plaintiff seeks a service award of $10,000 to compensate it for the time and effort expended during the litigation.
>
> The Court will decide how much to award the lawyers. Any award will reduce the amount you receive from the lawsuit.
>
> You can get a copy of the motion for attorneys' fees and costs, and other case documents, from the lawyers for the class. You may email attorney Logan Trombley at Logan@warnermendenhall.com; or call him at (330) 535-9160. **Do not call the Court, Antero, or Antero's lawyers**.
>
> You have the right to object to the lawyers' request. Objections must be in writing and must provide the reasons for the objection. You may email them to Logan@warnermendenhall.com, or mail them to Mendenhall Law Group, 190 N. Union St., Suite 201, Akron, Ohio, 44304. The objections must be *received* at either the email address or physical address no later than [Mailing + 60 days].

So that the Court is aware of any objections filed by the class, Plaintiff is **ORDERED** to file a Status Report on the Court's docket **21 DAYS** after the deadline to file objections expires. The Status Report should inform the Court of the objections received and attach any such objections.

## IV. CONCLUSION

The Unopposed Motion to Approve Notice Plan Regarding Plaintiff's Motion for Attorneys' Fees and Costs is **GRANTED IN PART**. (ECF No. 157.) Counsel shall work with the Notice Administrator, Epperly Re:Solutions, to mail the Notice to class members in the manner set forth in Plaintiff's Motion, as modified by the Court. Plaintiff is **ORDERED** to file a Status Report no later than **21 DAYS** after the deadline to file objections expires, apprising the Court of

4

any objections received from the class. After the Status Report is filed, the Court will determine if a hearing on the motion for attorneys' fees and expenses (ECF No. 156) is necessary.

This case remains closed.

**IT IS SO ORDERED.**

**7/2/2025**                                                                 s/Edmund A. Sargus, Jr.

**DATE**                                                                     **EDMUND A. SARGUS, JR.**
                                                                             **UNITED STATES DISTRICT JUDGE**