**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**THE GRISSOMS, LLC,**

      **Plaintiff,**

      **v.**                    **Case No. 2:20-cv-2028**
                                **JUDGE EDMUND A. SARGUS, JR.**
**ANTERO RESOURCES**         **Magistrate Judge S. Courter M. Shimeall**
**CORPORATION,**

      **Defendant.**

## <u>ORDER</u>

This matter is before the Court on Plaintiff The Grissoms, LLC's Motion to File Document Under Seal. (ECF No. 175.) At a hearing on April 29, 2026, the Court directed Plaintiff to provide the Court with its counsel's itemized billing records in connection with Plaintiff's Motion for Attorney Fees and Expenses (ECF No. 156). (ECF No. 174.) Plaintiff requests leave to file the records under seal because they may contain privileged information regarding attorneys' mental impressions, opinions, conclusions, judgments, or legal theories. (ECF No. 175.)

Generally, a court has an "obligation to keep its records open for public inspection." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 307 (6th Cir. 2016). Attorneys' itemized billing records, however, may contain attorney work product or attorney-client privileged information, and are filed to assist courts in determining the reasonableness of attorneys' fees awards, rather than the merits of the case. *In re: Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, No. 1:08-WP-65000, 2016 WL 5338012, at *18 (N.D. Ohio Sep. 23, 2016).

Here, there is no dispute over Plaintiff's counsel's billing practices. The purpose of filing the attorneys' billing records is to assist the Court in determining the reasonableness of Plaintiff's counsel's fee request. Because the itemized billing records may contain privileged information, Plaintiff's counsel may file them under seal. *See id.*; *Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *1 n.3 (S.D. Ohio Dec. 2, 2016) (Dlott, J.). Accordingly, the Court **GRANTS** (ECF No. 175) Plaintiff The Grissoms, LLC's Motion to File Document Under Seal and permits Plaintiff's counsel to file their itemized billing records under seal.

Separately, the Court has reviewed Plaintiff's counsel's expenses filed in support of their request for expenses (ECF Nos. 156-3, 156-4, 156-5) and finds that the documentation provided by law firm Baily & Glasser LLP lacks sufficient detail to provide meaningful review. For example, there is a line-item expense for a total of $156,580.45 for "Expert/consultants" and another line-item expense for $10,010.02 for "Travel." (ECF No. 156-4, PageID 3873.) The Court needs additional information to determine the reasonableness of such and similar expenses. Accordingly, the Court **ORDERS** Bailey & Glasser LLP to file a more detailed accounting of its expenses. The supplemental expenses document may not be filed under seal.

All supplemental documents in connection with Plaintiff's Motion for Attorney Fees and Expenses (ECF No. 156), including the fee agreement between Plaintiff and Plaintiff's counsel, must be filed on the Court's docket **within 7 days** of the date of this Order.

This case remains closed.

**IT IS SO ORDERED.**

5/1/2026                                       **s/Edmund A. Sargus, Jr.**
**DATE**                                              **EDMUND A. SARGUS, JR.**
                                                       **UNITED STATES DISTRICT JUDGE**