UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THE GRISSOMS, LLC,

      Plaintiff,

      v.

ANTERO RESOURCES
CORPORATION,

      Defendant.

Case No. 2:20-cv-2028
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge S. Courter M. Shimeall

## OPINION AND ORDER

This matter is before the Court on Plaintiff The Grissoms, LLC's unopposed Motion for

Attorney Fees and Expenses. (ECF No. 156.) For the reasons stated below, the Motion is

**GRANTED in part and DENIED in part**.

## BACKGROUND

This case involves a contract dispute related to oil and gas royalties. (ECF No. 1.)

Plaintiff The Grissoms, LLC filed a Complaint on behalf of itself and those similarly situated

against Defendant Antero Resources Corporation to "obtain money damages from Defendant for

violating uniform oil-and-gas leases by underpaying royalties owed to Plaintiffs in connection

with Defendant's receipt of gross proceeds from the sale of marketable natural gas liquids." (*Id.*)

The Court certified a class of landowners who executed leases with Defendant for mineral

interests in a system of horizontal wells, called the Seneca System, in Ohio. (ECF No. 59.)

After conducting discovery, Defendant submitted a Motion for Summary Judgment (ECF

No. 85) and Plaintiff, on behalf of the Class, submitted a Motion for Partial Summary Judgment

(ECF No. 88). The Court found that Defendant breached Class Plaintiffs' leases by taking

deductions from royalty payments for post-production costs related to processing and

fractionation. (ECF No 99.) Accordingly, the Court denied Defendant's Motion for Summary Judgment and granted Plaintiff's Motion for Partial Summary Judgment. (*Id.*) The only issue remaining was the amount of damages. (*Id.*) A jury trial was scheduled for September 18, 2023. (ECF Nos. 74, 99.)

On the eve of trial, the Parties stipulated to a damages amount of $10,000,000 in lieu of trial, with Defendant intending to appeal the Court's summary judgment decision. (ECF Nos. 137, 138, 139, 140.) The Court entered a final judgment (ECF No. 149) and Defendant appealed (ECF No. 150). The Sixth Circuit affirmed the Court's summary judgment decision. *The Grissoms, LLC v. Antero Res. Corp.*, 133 F.4th 605, 613 (6th Cir. 2025).

Upon a joint motion, the Court established a qualified settlement fund to hold the $10,000,000 judgment and an additional $400,000 in post-judgment interest. (ECF No. 158.) According to Counsel, the settlement fund has accrued interest and as of March 2026, totals $10,653.569.12.[1] (ECF No. 164.) The funds will be distributed after Plaintiff, on behalf of the Class, submits a proposed plan of allocation documenting specific payment amounts to class members and specifying the Court-approved attorneys' fees and expenses. (ECF No. 158.)

Plaintiff, on behalf of the Class, filed an unopposed Motion for Attorney Fees and Expenses. (ECF No. 156.) The Court held a hearing on the Motion on April 29, 2026. (ECF No. 174.) At the hearing, the Court directed Counsel to file on the Court's docket (1) the attorneys' itemized billing records and (2) the fee agreement between Plaintiff and Counsel. (ECF No. 174.) Subsequently, the Court permitted the attorneys' itemized billing records to be filed under

---

[1] The Court recognizes that the fund has likely continued to accrue interest since March 2026 but uses this figure as the base amount for analysis purposes.

seal and ordered law firm Bailey & Glasser LLP to file a more detailed accounting of its expenses. (ECF No. 176.) Counsel complied. (ECF Nos. 177, 178, 179.)

**ANALYSIS**

The Motion for Attorney Fees and Expenses seeks (1) 40% of the settlement fund in attorneys' fees; (2) $219,072.21 in costs; and (3) a $10,000 service award to Plaintiff. (ECF No. 156.) Four class members objected to the requested attorneys' fee award. (ECF Nos. 160-2, 160-3, 160-4, 160-5.) The Court will first analyze Counsel's request for attorneys' fees. Then it will turn to the costs and service award.

## I.      Attorneys' Fees

In an attorneys' fee case, the primary concern is that the fee awarded be reasonable. *Reed v. Rhodes,* 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson,* 465 U.S. 886, 893 (1984)). A reasonable fee is "adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock-Ladd v. Sec'y of Treasury,* 227 F.3d 343, 349 (6th Cir. 2000) (citing *Reed*, 179 F.3d at 471)).

Courts in the Sixth Circuit generally use one of two methods to calculate attorneys' fees in common-fund cases, the lodestar method or the percentage-of-the-fund method. *Linneman v. Vita-Mix Corp.*, 970 F.3d 621, 624 (6th Cir. 2020). District courts have discretion to choose the more appropriate method based on the unique circumstances of each case. *Id.*; *Gascho v. Glob. Fitness Holdings, LLC*, 822 F.3d 269, 279 (6th Cir. 2016). "[T]he district court must provide a clear statement of the reasoning used in adopting a particular methodology and the factors considered in arriving at the fee." *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 516 (6th Cir. 1993). Courts consider the following factors when analyzing attorneys' fees in common-fund cases: (1) the value of the benefit rendered to the class; (2) society's stake in

3

rewarding attorneys who produce such benefits in order to maintain an incentive to others; (3) whether the services were undertaken on a contingent fee basis; (4) the value of the services on an hourly basis; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel on both sides. *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974).

Counsel request an award of 40% using the percentage-of-the-fund method. (ECF No. 156-1, PageID 3836.) Four unrepresented class members objected to the attorneys' fees request. (ECF Nos. 160-2, 160-3, 160-4, 160-5.) Two of them suggested that a more reasonable award would be one-third of the settlement fund. (ECF Nos. 160-2, 160-3.)

The Court has concerns that Counsel's request of a 40% fee award is comparatively high.[2] A 40% award is higher than the award in any case cited in Plaintiff's Motion. *See, e.g.*, *Smith v. FirstEnergy Corp.*, No. 2:20-cv-3755, 2022 WL 22691867, at *12 (S.D. Ohio Dec. 5, 2022) (27%); *Carr v. Guardian Healthcare Holdings, Inc.*, No. 2:20-cv-6292, 2022 WL 501206, at *10 (S.D. Ohio Jan. 19, 2022) (one-third); *In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 380 (S.D. Ohio 2006) (Watson, J.) (23%); *Brotherton v. Cleveland*, 141 F. Supp. 2d 907, 913 (S.D. Ohio 2001) (Spiegel, J.) (approximately 20%); *In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 1029, 1040 (S.D. Ohio 2001) (Spiegel, J.) (26.6%); *In re Big Lots, Inc. S'holder Litig.*, No. 2:12-cv-445, 2018 WL 11356561, at *4–6 (S.D. Ohio Aug. 28, 2018) (Watson, J.) (35.7%). Thus, the Court begins its analysis with the lodestar calculation to assess whether a reduction is

---

[2] Counsel emphasize that attorney fee awards typically range between 20–50% of the common fund. (ECF No. 156-1, PageID 3836–37.) The 20–50% range appears to have originated from a 1986 treatise by H. Newberg, *Attorney Fee Awards*. *See Howes v. Atkins*, 668 F. Supp. 1021, 1025 (E.D. Ky. 1987). The current edition of the treatise states that, based on empirical data, the percentage awards in class actions are generally between 20–30%. 5 *Newberg and Rubenstein on Class Actions* § 15.83 (6th ed., Dec. 2025 Update).

necessary. This will ensure that Counsel will be fairly compensated and the amount awarded is reasonable. *See Rawlings*, 9 F.3d at 516 ("The lodestar method's listing of hours spent and rates charges provides greater accountability.").

### A. Lodestar Calculation

The lodestar amount is "the number of hours reasonably expended on the litigation [multiplied] by a reasonable hourly rate." *Imwalle v. Reliance Med. Prods.*, 515 F.3d 531, 551–52 (6th Cir. 2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The standard for determining whether the hours expended are reasonable is "whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Woolridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990), *abrogated on other grounds by*, *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001). A reasonable hourly rate is determined based on the "prevailing market rate in the relevant community." *Adcock-Ladd*, 227 F.3d at 350 (citing *Blum*, 465 U.S. at 895). In common-fund cases, courts may apply an upward multiplier to adjust the lodestar "to account for the risk an attorney assumes in undertaking a case, the quality of the attorney's work product, and the public benefit achieved." *Rawlings*, 9 F.3d at 516; *see also Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 499 (6th Cir. 2011) (stating that a district court "has discretion to decide whether an upward or downward adjustment is warranted in order to reach a reasonable fee award").

Counsel submitted declarations containing an overview of hours expended (ECF Nos. 156-3, 156-4, 156-5, 156-11) and itemized billing records (ECF No. 177). The total number of

hours expended in the case at the time the Motion for Attorneys' Fees was filed is 4,158.3.[3]

Upon review of the attorneys' itemized billing records, the Court finds the number of hours

expended to be reasonable given the complexity and duration of the case.

Regarding hourly rates, several of the attorneys' rates exceed $900 per hour.[4] (ECF Nos.

156-3, 156-4, 156-5, 156-11.) This Court relies on the Ohio State Bar Association's *Economics

of Law Practice* report to determine the reasonableness of attorneys' hourly rates. *See

FirstEnergy*, 2022 WL 22691867, at *9. Upon review of the most recent report[5] and

consideration of the technical nature of oil-and-gas and class-action litigation, the Court

concludes that a reasonable hourly rate for attorneys in this venue should be no higher than $650

per hour. Thus, the hourly rates that are higher than $650 per hour will be reduced to $650 per

hour. Applying this reduction, the recalculated lodestar amount is $2,507,386.

Turning to the multiplier, Counsel's 40% request yields a multiplier of 1.49. (ECF No.

173, PageID 4200.) That is, Counsel's proposed lodestar calculation multiplied by 1.49 results in

an amount equal to 40% of the settlement fund. The Court finds a multiplier of 1.49 to be

reasonable in this case in light of the complexity and duration of the litigation, as explained

---

[3] The declaration submitted by Bailey & Glasser LLP contained an error in the number of hours worked by attorney Victor Woods. (ECF No. 156-4.) The Court calculated the correct number to be 612.2 hours.

[4] In support of their hourly rates, Counsel assert that one of the firms representing Defendant in this matter, Kirkland & Ellis LLP, charges clients up to $1,500 to $3,000 per hour. (ECF No. 156-1, PageID 3841.) The Court expresses no view regarding those rates as they are not within the scope of this Motion. Rather, the Court's role is to assess the reasonableness of attorneys' fees to be paid from the settlement fund.

[5] The Ohio State Bar Association, *Economics of Law Practice Study*, https://www.ohiobar.org/member-tools-benefits/practice-management-tools-and-services/economics-of-law-practice-study/ [https://perma.cc/FG8P-BUSR] (last visited May 8, 2026).

further below. *See In re Cardinal Health Inc. Sec. Litig.*, 528 F. Supp. 2d at 767 (noting that typical lodestar multipliers in large class actions range from 1.3 to 4.5). Accordingly, applying a multiplier of 1.49 to the Court's lodestar calculation of $2,507,386 yields a $3,736,005 recovery, which is approximately 35% of the settlement fund.[6]

### B. Reasonableness of Total Amount of Fees

The Court proceeds to analyze the remaining *Ramey* factors to determine whether an award of $3,736,005 is reasonable. First, Counsel's work in the case resulted in a substantial benefit for Plaintiff and the Class. The $10 million settlement represents a significant portion of the potential recovery in this case. Second, society has a substantial interest in rewarding counsel who undertake and successfully prosecute complex class litigation of this nature, particularly where the claims involve highly technical issues within the oil-and-gas industry and require significant expertise and investment of resources. *See Kimber Baldwin Designs, LLC v. Silv Commc'ns, Inc.*, Case No. 1:16-cv-448, 2017 WL 5247538, at *5 (S.D. Ohio Nov. 13, 2017) (Black, J.) ("Society has a stake in rewarding attorneys who achieve a result that the individual class members probably could not obtain on their own."). Third, Counsel litigated this case on a wholly contingent basis, assuming the risk of nonpayment throughout years of heavily contested litigation.

The remaining factors likewise support the requested award. The litigation was lengthy, highly complex, and vigorously contested at every stage, including a counterclaim, class certification, cross-motions for summary judgment, extensive discovery, experts on both sides, and settlement reached on the eve of trial, followed by an appeal before the Sixth Circuit.

---

[6] The 35% figure is an approximation given that the settlement fund has likely continued to accrue interest. *See supra* note 1.

Additionally, the professional skill and standing of counsel on both sides weigh in favor of the attorneys' fee award. Counsel demonstrated substantial experience in a complex oil-and-gas class action and achieved a significant result against highly skilled and experienced defense counsel. Because of these reasons, the Court finds that $3,736,005 is a reasonable award to compensate the attorneys in this case.

## II.    Costs and Service Awards

Counsel request reimbursement for out-of-pocket costs of $219,072.21. (ECF No. 156, PageID 3822.) According to Counsel's declarations, these expenses include costs related to court fees, legal research, discovery, document hosting, and necessary travel. (ECF Nos. 156-3, 156-4, 156-5, 179.) The Court finds that these costs are reasonable, were necessary to litigate this case, and are the type of costs that are reimbursable. *See In re Big Lots, Inc. S'holder Litig.*, 2018 WL 11356561, at *6.

Counsel also request a $10,000 service award for Plaintiff The Grissoms, LLC "as an incentive for bringing and pursuing this action on behalf of all [class members]." (ECF No. 156-1, PageID 3848 (quoting *Rudi v. Wexner*, No. 2:20-cv-3068, 2022 WL 1682297, at *6 (S.D. Ohio May 16, 2022) (Watson, J.).) The Sixth Circuit has recognized that incentive awards to class representatives who have been extensively involved in litigation may be appropriate in common-fund cases. *See Hadix v. Johnson*, 322 F.3d 895, 898 (6th Cir. 2003). The Court finds that a $10,000 service award is a reasonable award for The Grissoms, LLC's participation in this case. *See Rudi*, 2022 WL 1682297, at *6 (approving a $10,000 service award and collecting cases with higher service fee awards in the district).

8

## CONCLUSION

For the reasons stated above, (ECF No. 156) Plaintiff The Grissoms, LLC's Motion for Attorney Fees and Expenses is **GRANTED in part and DENIED in part**. The Court awards Counsel $3,736,005 in attorneys' fees and $219,072.21 in costs, for a total of $3,955,077.21. The Court awards a $10,000 service fee to Plaintiff The Grissoms, LLC.

This case remains closed.

**IT IS SO ORDERED.**

**5/19/2026**                                          **s/Edmund A. Sargus, Jr.**
**DATE**                                                 **EDMUND A. SARGUS, JR.**
                                                              **UNITED STATES DISTRICT JUDGE**